IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROYLEE WORREL and MAI WORREL,

    Plaintiffs,

    v.

INDYMAC MORTGAGE SERVICES; A DIVISION OF ONEWEST BANK, FSB, INDYMAC BANK, FSB; IMS LOANS, INC., ZACHARY JOHN SHRIEVE; JOHN T. CHILDS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

    Defendants.

2:09-cv-03502-GEB-DAD

ORDER DISMISSING PLAINTIFFS' FEDERAL CLAIMS AND DECLINING SUPPLEMENTAL JURISDICTION OVER THEIR STATE LAW CLAIMS[*]

        Defendants John Childs and Zachary Shrieve filed a motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) as well as a motion to strike certain portions of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(f). (Docket Nos. 6 & 9.) Defendants Mortgage Electronic Registration Systems and Indymac Mortgage Services also filed a motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 12.) Plaintiffs' complaint alleges federal claims under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") and seven claims under California law.

        Plaintiffs filed Statements of Non-Opposition to each of defendants' motions, which state the following:

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

> . . . Plaintiffs do not oppose [defendants' motions] . . . in so far as [they] relate to Plaintiffs' First Cause of Action under the Truth in Lending Act, 15 U.S.C. § 1604 ("TILA") and Plaintiffs' Fourth Cause off Action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), *only*. Plaintiffs hereby request that all claims against Defendants herein be dismissed, *without prejudice*, or, in the alternative, that Plaintiffs be granted leave to amend their Complaint in this matter so as to remove the Causes of Action under TILA and RESPA which had previously been plead by the Plaintiffs, and to clarify the factual assertions regarding the roles, residence, citizenship, and actions of the parties hereto. In this connection, Plaintiffs have filed their Motion For Leave to Amend Complaint, which is currently scheduled to be heard by this Court on April 19, 2010 at 9:00 AM . . . .
>
> As the Court is aware, jurisdiction in this matter was originally based upon "federal questions" arising from Plaintiffs' Causes of Action under TILA and RESPA. No issue has been raised herein regarding diversity of the parties, and Plaintiffs assert that no basis for "diversity" jurisdiction exists in this cause. Accordingly, if the TILA and RESPA claims are dismissed, . . . there is no proper basis for federal jurisdiction over the remaining issues. Plaintiffs therefore respectfully request that the Court dismiss all claims against all Defendants herein, *without prejudice*, or, in the alternative, grant the Plaintiffs leave to amend their Complaint as described above.

(Pl.'s Statement of Non-Opposition) (emphasis in original). In accordance with Plaintiffs' request that their TILA and RESPA claims be dismissed, those claims are dismissed.

Since Plaintiffs' federal claims have been dismissed, the Court may <u>sua sponte</u> decide whether to continue to exercise supplemental jurisdiction over Plaintiffs' state law claims. See <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of

economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri, 114 F.3d at 1001. "Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor continued exercise of supplemental jurisdiction over [Plaintiffs'] state claims . . . ." Anderson v. Countrywide Financial, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)). Therefore, Plaintiffs' state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3). This case shall be closed.

Dated: March 16, 2010

GARLAND E. BURRELL, JR.
United States District Judge